# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| **WILLIE CAULEY-STEIN** | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **CIVIL ACTION NO: 3:23-cv-356** |
| | § | **JURY DEMANDED** |
| | § | |
| **FOREMOST LLOYDS OF TEXAS** | § | |
| *Defendant* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, WILLIE CAULEY-STEIN ("WILLIE CAULEY-STEIN" or "CAULEY-STEIN" or Plaintiff) and files this Plaintiff's Original Complaint against FOREMOST INSURANCE COMPANY ("FOREMOST" or Defendant), and states as follows:

## SUMMARY

Like the property of countless others across the State of Texas, Defendant CAULEY-STEIN's home was damaged during Winter Storm Uri in February 2021. Defendant CAULEY-STEIN home was insured through an insurance Policy with FOREMOST, and CAULEY-STEIN filed a claim and sought indemnification for the devasting loss to his home that he had experienced. However, contrary to the provisions of its contract with CAULEY-STEIN, FOREMOST failed or refused to fully indemnify CAULEY-STEIN for the damage sustained to his property. Consequently, Defendant FOREMOST has breached, and is continuing to breach, the Policy by failing or refusing to fully indemnify CAULEY-STEIN for the full value of the claim. Accordingly, Plaintiff CAULEY-STEIN now sues and seeks relief for damages caused by the acts and omission of Defendant FOREMOST.

**Plaintiff's Original Complaint – Page 1**

## PARTIES

Plaintiff WILLIE CAULEY-STEIN is a citizen of Texas.

Defendant FOREMOST LLOYDS OF TEXAS is an insurance company, incorporated under the laws of California or another foreign jurisdiction, with its administrative office located at P. O. Box 2450, Grand Rapids, Michigan 49501, and which at all relevant times was doing business in the State of Texas, and with an address through the Texas Department of Insurance of 6301 Owensmouth Aveneu, Woodland Hills, CA 91367, and an address in Texas of 15700 Long Vista Drive, Austin, Texas 78728, and may be served with process through its registered agent at Corporation Servie Company, 211 E 7th Street, Ste 620, Austin, Texas 78701-3218, or wherever Defendant FOREMOST LLOYDS OF TEXAS may be found.

## JURISDICTION AND VENUE

Jurisdiction is proper because the amount in controversy and relief requested are within the jurisdictional limits of this Court.

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000. In addition, Plaintiff CAULEY-STEIN is a citizen of Texas, and Defendant FOREMOST is a foreign citizen; accordingly, the Plaintiff and the Defendant are citizens of different states.

Venue is proper in the U.S. District Court for the Northern Division of Texas, pursuant to 42 U.S.C. § 2000e(5)(f)(3) because it is the judicial district in the state in which all or a substantial part of the event(s) or omission(s) giving rise to the claims contained herein occurred.

Plaintiff seeks monetary relief in excess of $130,000.

## CONDITIONS PRECEDENT

All conditions precedent have been performed by Plaintiff, have occurred, or have been excused.

## FACTUAL BACKGROUND

1. Plaintiff CAULEY-STEIN owned a home located at 2908 Chancel Ct., Arlington, Texas 76017-3560 (the "Property").

2. FOREMOST issued an insurance policy to CAULEY-STEIN, Policy No. 381-5004123867-01, with a policy period of August 24, 2020 to August 24, 2021 (the "Policy", fully incorporated by reference herein). The *Policy* had a limit of liability for the *Dwelling* of $1,119,000, for the *Structures* of $111,900, for the *Personal Property* of $559,500, and for the *Property Off Premises* of $55,950.

3. The *Optional Endorsement for Water Damage* was included in the *Policy*.

4. The *Policy* indicated a *Deductible* for CAULEY-STEIN of $11,190.

5. A claim for property damage was made with FOREMOST as to damage occurring on or about February 15, 2021 to CAULEY-STEIN's Property (home) arising out of Winter Storm Uri (the "Claim'); however, coverage (indemnification) was not provided by FOREMOST.

6. The estimated cost of repairs to the Property resulting from the Claim is in excess of $131,202.06. This lawsuit results from coverage determinations by FOREMOST through the *Policy* denying full coverage for the damage sustained by CAULEY-STEIN through FOREMOST.

## CAUSES OF ACTION

7. The assertions of FOREMOST regarding coverage available to CAULEY-STEIN are not supported by the facts or the law.

### A. Breach of Contract (the *Policy*) (by FOREMOST)

8. Plaintiff re-alleges and incorporates by reference the facts and allegations contained in the foregoing paragraphs.

9. Plaintiff CAULEY-STEIN entered into an insurance contract (the Policy), with FOREMOST for the protection of his home. Through the Policy, Plaintiff CAULEY-STEIN contracted for indemnification against claims or occurrences pertaining to areas of coverage – specifically water damage and damage caused by accumulations of wind driven snow, ice, and water.

10. By and through this *Complaint*, Plaintiff asserts that Defendant FOREMOST breached the *Policy* by failing or refusing to abide by the terms and conditions of the Policy, including by failing or refusing, through acts or omissions, to accept Plaintiff CAULEY-STEIN's Claim. This included, but is not limited to, Defendant FOREMOST's refusal or failure to indemnify Plaintiff CAULEY-STEIN for damage to the Property, directly related to and incurred through covered Claim. Plaintiff CAULEY-STEIN was damaged by the acts and omissions of Defendant FOREMOST, in breach of the *Policy* (and the *Texas Business & Commerce Code* and the *Texas Insurance Code*) and now sues.

### B. Breach of Duty of Good Faith and Fair Dealing (by FOREMOST)

11. Plaintiff re-alleges and incorporates by reference the facts and allegations contained in the foregoing paragraphs.

12. Defendant FOREMOST owed Plaintiff CAULEY-STEIN a duty of good faith and fair dealing that required Defendant to perform their duties and obligations under the *Policy*. Defendant breached its duties to Plaintiff by failing or refusing to abide by the terms, conditions, representations, warranties, and duties in the *Policy*. Specifically, after

entering into the *Policy*, Defendant subsequently failed to honor the *Policy*, including by failing or refusing to defend and indemnify Plaintiff for damage to Plaintiff's Property. Defendant's actions were wanton, reckless, malicious and/or intentional in disregard to Plaintiff's rights under the *Policy*.

13. As a result of Defendant's acts and omissions, Plaintiff suffered economic damages, for which damages Plaintiff now sues as articulated in this *Complaint*.

14. As a further result of Defendant's acts and omissions, Plaintiff is entitled to recover exemplary damages as found by the trier of fact, for which Plaintiff now sues as articulated in this *Complaint*.

**C. Fraud (by FOREMOST)**

15. Plaintiff re-alleges and incorporates by reference the facts and allegations contained in the foregoing paragraphs.

16. Defendant FOREMOST's acts and omissions constitute Defendant's fraud against Plaintiff. Defendant misrepresented the *Policy*, and the coverages within the *Policy*, by making untrue statements of material fact. Specifically, Defendant, by and through their acts, omissions, and course of conduct, stated that Defendant would perform the pursuant to the defense and indemnification provisions of the *Policy*, and abide by the terms, conditions, representations, warranties, and duties in the *Policy*, and failed or refused to do so as articulated by the facts and allegations in the preceding paragraphs of this *Complaint*.

17. Defendant failed to state a material fact that is necessary to make other statements made not misleading, considering the circumstance under which the statements were made, specifically regarding indemnification through the *Policy*.

18. Defendant made the statements in such a manner as to mislead a reasonably prudent person or entity to a false conclusion of a material fact. Specifically, based upon Defendant's representations, Plaintiff concluded that Defendant would not breach the *Policy*, intended to perform under the Policy, and would perform under the *Policy*, including as to indemnity of Plaintiff's property damage Claim, which Defendant did not.

19. Defendant's acts and omissions described above are false, were intended to mislead Plaintiff, and are actionable.

20. Defendant knew the representations made to Plaintiff regarding indemnification for damage to the Property were false when made, or made the representations recklessly, as a positive assertion, and without knowledge of their truth.

21. Defendant made the representations with the intent that Plaintiff would act upon them, and Plaintiff did act upon them when entering into the *Policy*. In addition, Plaintiff relied upon Defendants' misrepresentations when entering into the Policy, to Plaintiff's detriment, for which Plaintiff now sues as articulated in this *Complaint*.

### D. Fraudulent Inducement (by FOREMOST)

22. Plaintiff re-alleges and incorporates by reference the facts and allegations contained in the foregoing paragraphs.

23. Defendant FOREMOST's acts and omissions constitute Defendant's fraudulent inducement against Plaintiff CAULEY-STEIN. Defendant misrepresented coverage available pursuant to the *Policy* by making untrue statements of material fact intended to induce Plaintiff to enter into or to maintain the *Policy*. Specifically, Defendant, by and through its acts, omissions, and course of conduct, stated that Defendant would perform pursuant to the indemnification provisions of the *Policy*, and abide by the terms,

conditions, representations, warranties, and duties in the *Policy*, and failed or refused to do so as articulated by the facts and allegations in the preceding paragraphs of this *Complaint*.

24. To induce Plaintiff, Defendant failed to state a material fact that is necessary to make other statements made not misleading, considering the circumstance under which the statements were made.

25. Defendant made the statements in such a manner as to mislead a reasonably prudent person or entity to a false conclusion of a material fact. Specifically, based upon Defendant's representations, Plaintiff concluded that Defendant would not breach the *Policy*, intended to perform under the Policy, and would perform under the *Policy*, including as to indemnity of Plaintiff and the payment for the damage to Plaintiff's Property, which Defendant did not.

26. Defendant's acts and omissions described above are false, were intended to mislead and to induce Plaintiff, and are actionable.

27. Defendant knew the representations made to Plaintiff were false when made, or made the representations recklessly, as a positive assertion, with intent to induce, and without knowledge of their truth.

28. Defendant made the representations with the intent that Plaintiff would be induced to act upon them, and Plaintiff did act upon them when entering into the *Policy*. In addition, Plaintiff relied upon Defendant's misrepresentations when entering into the Policy, to Plaintiff's detriment, for which Plaintiff now sues as articulated in this *Complaint*.

### E. Negligence (by FOREMOST)

29. As Plaintiff CAULEY-STEIN's insurer, Defendant FOREMOST had a duty to indemnify Plaintiff, as agreed upon by Plaintiff CAULEY-STEIN. FOREMOST also owed a duty to CAULEY-STEIN to properly and accurately represent the nature and extent of the terms and substance of the insurance products being offered by FOREMOST, including, but not limited to the Policy and the indemnity of the *Policy*.

30. Either through acts or admissions, Defendant FOREMOST failed to provide the insurance agreed upon by Plaintiff CAULEY-STEIN.

31. Defendant FOREMOST breached its duty to Plaintiff CAULEY-STEIN through its negligence, in failing to act, or in failing to act in accordance with the standard of care for performing FOREMOST's duties, for which Plaintiff now sues.

### F. **Violation of TEX. BUS. & COM. CODE § 17.41, et seq (Texas DTPA) (by FOREMOST)**

32. Plaintiff CAULEY-STEIN sought or acquired, by and through the *Policy*, services from Defendant, and is a "consumer" pursuant to TEX. BUS. & COM. CODE § 17.45 (4).

33. Defendant, by and through their acts and omissions with Plaintiff, made by and through its respective representatives, knowingly and intentionally committed false, misleading, and deceptive acts or practices by:

- failing to disclose information concerning goods or services which was known at the time of the transaction, with such failure to disclose such information intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed (TEX. BUS. & COM. CODE § 17.46 (24));
- making an untrue statement of material fact;
- failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made;
- making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of a material fact; or,
- making a material misstatement of law.

34. Specifically, Defendant, by and through their representatives, made material misrepresentations to Plaintiff by and through, among other things, verbal and written communications, acts, and omissions regarding the terms and conditions of the the *Policy*, including the indemnity of Plaintiff.

35. Defendant FOREMOST, by and through their representatives, knowingly engaged in a course of conduct designed to conceal their obligations under Texas law.

36. By engaging in an improper or unlawful course of conduct, Defendant FOREMOST, by and through their representatives, obtained a benefit from Plaintiff, by fraud, duress, or the taking of an undue advantage. Therefore, Defendant, by and through its representatives, wrongfully secured or passively received a benefit from Plaintiff in the form of Plaintiff's commitment to perform and to make payments to Defendant pursuant to the terms and conditions of the *Policy*.

37. Defendant, by and through its representatives, committed false, misleading, or deceptive acts or practices under TEX. BUS. & COM. CODE § 17.50(a)(1) that were relied upon by Plaintiff to the detriment of Plaintiff.

38. Defendant, by and through their representatives, breached an express or implied warranty owed to Plaintiff pursuant to the *Insurance Proposal* and the *Policy*, actionable under TEX. BUS. & COM. CODE §17.50(a)(2).

39. Defendant, by and through their representatives, committed an unconscionable act or course of actions against Plaintiff, actionable under TEX. BUS. & COM. CODE §17.50(a)(3). Specifically, Defendanf, by and through their representatives, took advantage of Plaintiff's lack of knowledge, ability, experience, and/or capacity to a

grossly unfair degree. The resulting unfairness to Plaintiff is glaringly noticeable, flagrant, complete, and unmitigated.

40. Defendant, by and through their representatives' wrongful conduct was intentional, knowing, and a producing cause of damages to Plaintiff. Plaintiff is therefore entitled to all the relief contained within the DTPA including, but not limited to, economic damages, mental anguish damages, injunctive relief, attorney's fees, interest, costs, and punitive (treble) damages.

41. Defendant, by and through their representatives, owed Plaintiff a duty of good faith and fair dealing, which required Defendant, by and through their representatives, to abide by the *Policy* and to (1) perform Defendant's respective duties and obligations in a reasonable and timely manner, (2) properly perform all services, and to (3) treat Plaintiff consistent with others who are engaged with Defendant through their respective agreements, specifically in a non-discriminatory manner. To the contrary, Defendant, by and through its representatives, were wanton, reckless, malicious and/or intentional in disregard to Plaintiff's rights.

**G. Violation of Texas Insurance Code § 541 et seq , and §541A et seq (Deceptive, Unfair, and Prohibited Practices) (by FOREMOST)**

42. In addition, Defendant FOREMOST committed deceptive, unfair, and prohibited practices against Plaintiff.

43. *Texas Insurance Code § 541 (Purpose)* states, in pertinent part:

*The purpose of this chapter is to regulate trade practices in the business of insurance by:*
*(1) defining or providing for the determination of trade practices in this state that are unfair methods of competition or unfair or deceptive acts or practices; and,*
*(2) prohibiting those trade practices.*

*Texas Insurance Code § 541.002 (Definitions)* states, in pertinent part:
*(1) "Knowingly" means actual awareness of the falsity, unfairness, or deceptiveness of the act or practice on which a claim for damages under Subchapter D is based.*

*Actual awareness may be inferred if objective manifestations indicate that a person acted with actual awareness.*
*(2) "Person" means an individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, or adjuster.*

44. *Texas Insurance Code § 541.003 (Unfair Methods of Competition and Unfair or Deceptive Acts or Practices Prohibited)* states, in pertinent part:
    *A person may not engage in this state in a trade practice that is defined in this chapter as or determined under this chapter to be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance.*

45. *Texas Insurance Code § 541.051 (Misrepresentation Regarding Policy or Insurer)* states, in pertinent part:
    *It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to:*
    *(1) make, issue, or circulate or cause to be made, issued, or circulated an estimate, illustration, circular, or statement misrepresenting with respect to a policy issued or to be issued:*
    *(A) the terms of the policy:*
    *(B) the benefits or advantages promised by the policy*

46. *Texas Insurance Code § 541.060 (Unfair Settlement Practices)* states, in pertinent part:
    *(a) It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary:*
    *(1) Misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;*
    *(2) Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of:*
    *(A) a claim with respect to which the insurer's liability has become reasonably clear;*
    *(3) Failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim.*
    *(4) Failing within a reasonable time to:*
    *(A) affirm or deny coverage of a claim to a policyholder;*
    *(7) refusing to pay a claim without conducting a reasonable investigation with respect to the claim.*

47. *Texas Insurance Code § 541.061 (Misrepresentation of Insurance Policy)* states, in pertinent part:
    *It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to misrepresent an insurance policy by:*
    *(1) making an untrue statement of material fact;*

> *(2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;*
> *(3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;*
> *(4) making a material misstatement of law; or*
> *(5) failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of this code.*

48. *Texas Insurance Code § 541.152 (Damages, Attorney's Fees, and Other Relief)* states, in pertinent part:
    > *(a) A plaintiff who prevails in an action under this subchapter may obtain:*
    >   *(1) The amount of actual damages, plus court costs and reasonable and necessary attorney's fees;*
    >   *(2) An order enjoining the act or failure to act complained of; or*
    >   *(3) Any other relief the court determines is proper.*
    > *(b) Except as provided by Subsection (c), on a finding by the trier of fact that the defendant knowingly committed the act complained of, the trier of fact may award an amount not to exceed three times the amount of actual damages.*
    > *(c) Subsection (b) does not apply to an action under this subchapter brought against the Texas Windstorm Insurance Association.*

49. Through its acts and omissions, Defendant violated Texas Insurance Code § 541 et seq, and §541A et seq (Deceptive, Unfair, and Prohibited Practices). Specifically, Defendant knowingly and materially mispresented the provisions of the *Policy*, including the indemnity provisions, in an attempt to deceive Plaintiff. Accordingly, Defendant are liable to Plaintiff for three times the amount of actual damages incurred by Plaintiff.

**H. Violation of <u>Texas Insurance Code § 542.058 (Delay in Payment of Claim)</u>, and applicability of <u>Texas Insurance Code § 542.060 (Liability for Violation of Subchapter) (by FOREMOST</u>)**

50. In addition, Defendant FOREMOST have delayed payment of the claim or claims submitted by Plaintiff CAULEY-STEIN.

51. *Texas Insurance Code §542.058* states, in pertinent part:
    > *(a) Except as otherwise provided, if an insurer, after receiving all items, statements, and other forms reasonably requested and required under Section 542.055, delays payment of the claim for a period exceeding the period specified by other applicable*

*statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by Section 542.060.*

52. *Texas Insurance Code §542.060* states, in pertinent part:
    *(a) Except as provided by Subsection (c), if an insurer that is liable for a claim under an insurance policy is not in compliance with this subchapter, the insurer is liable to pay the holder of the policy or the beneficiary making the claim under the policy, in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable and necessary attorney's fees. Nothing in this subsection prevents the award of prejudgment interest on the amount of the claim, as provided by law.*

53. Through its acts and omissions, Defendant violated *Texas Insurance Code § 542.058 (Delay in Payment of Claim)* and *§542.060 (Liability for Violation of Subchapter)*. Specifically, Defendant knowingly and intentionally delayed payment of Plaintiff's claim in an attempt to deprive payment or delay payment to Plaintiff. Accordingly, Defendant FOREMOST is liable to Plaintiff for the amount of each claim, as well as interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable and necessary attorney's fees.

**L.     Unjust Enrichment (by FOREMOST)**

54. Plaintiff re-alleges and incorporates by reference the facts and allegations contained in the foregoing paragraphs.

55. Alternatively, by engaging in an unlawful course of conduct, Defendant FOREMOST obtained a benefit from Plaintiff CAULEY-STEIN by fraud, duress, or the taking of an undue advantage. Therefore, Defendant wrongfully secured or passively received a benefit from Plaintiff, by refusing to honor the *Policy*, including the indemnification of Plaintiff through coverage and payment, while accepting payment and premiums for the *Policy*. It would be unconscionable for Defendant to retain the proceeds and benefits of his unlawful conduct. Plaintiff hereby seeks disgorgement, restitution, and payment for all

benefit Defendant has unlawfully obtained, in an amount to be determined by the trier of fact, for which Plaintiff now sues, as articulated in this *Complaint*, in an amount of at least $15,000,000.

## DAMAGES

56. Plaintiff re-alleges and incorporates by reference the facts and allegations contained in the foregoing paragraphs.

57. As previously stated above, Plaintiff CAULEY-STEIN's estimate of property damage is **$131,202.06**, for which Plaintiff now sues.

58. As previously stated above, based upon the acts and omissions of Defendant, including through the failure or refusal to indemnify Plaintiff for the damage to the Property, Plaintiff has been forced to incur actual damages, including in the form of attorneys' fee, expenses, and costs (including through the law firm of STAFFORD MOORE, PLLC) in an amount of approximately **$25,000** to date.

59. Accordingly, through this *Complaint*, Plaintiff CAULEY-STEIN demands payment from Defendant FOREMOST for actual damages, in addition to punitive (treble) damages, attorney fees, expenses, and costs, in an amount of **$400,000** plus interest.

## ATTORNEYS' FEES, COSTS, AND EXPENSES

Pursuant to Texas Civil Practice & Remedies Code § 38.001, and other applicable authorities under Texas law, Plaintiff seek reasonable and necessary attorneys' fees, expenses, and costs.

Accordingly, due to Defendant's acts and omissions, Plaintiff has incurred, and seek from Defendant, reasonable and necessary legal expenses and costs associated with pursuing this action

in a reasonable and necessary amount of at least **$25,000**, to be determined by this Court, for which Plaintiff now sues, as articulated in this *Complaint*.

## JURY DEMAND

In accordance with Federal Rules of Civil Procedure, Plaintiff hereby request trial by jury on all counts herein and requests that this jury trial be set on the Court's Jury Docket.

## PRAYER

WHEREFORE, Plaintiff CAULEY-STEIN prays that Defendant FOREMOST be cited to appear and answer herein, and that upon final hearing of the cause, Plaintiff's requested relief in *Plaintiff's Original Complaint* be granted and that the Court (i) award Plaintiff's actual damages as well as Plaintiff's attorneys' fees and expenses incurred and to be incurred in the prosecution of this suit; (ii) tax the costs of the suit and proceeding against Defendant; and (iii) award Plaintiff such other and further relief to which Plaintiff may be justly entitled at law or in equity.

Dated: February 15, 2023

**Respectfully Submitted,**

**STAFFORD MOORE, PLLC**

*/s/ Paul K. Stafford*
Paul K. Stafford
State Bar No. 00791716
paul@staffordmoore.law
www.staffordmoore.law
325 N. St. Paul Street, Suite 2210
Dallas, Texas 75201
Telephone:　214-764-1529
Facsimile:　214-580-8104

**ATTORNEYS FOR PLAINTIFF WILLIE CAULEY-STEIN**